1 F.3d 45
 303 U.S.App.D.C. 86
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Tony HOLLEY, Appellant.
 No. 92-3023.
 United States Court of Appeals, District of Columbia Circuit.
 July 26, 1993.
 
 Before MIKVA, Chief Judge, and WALD and BUCKLEY, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that Holley's conviction be affirmed for the reasons stated in the accompanying memorandum. It is
 
 
 3
 FURTHER ORDERED that Holley's March 19, 1993 letter to Judge Wald, filed as appellant's motion for leave to file a pro se brief, be granted. The Clerk is directed to file the lodged document. It is
 
 
 4
 FURTHER ORDERED that Holley's motion for leave to file supplemental brief be granted. The Clerk is directed to file the lodged document. It is
 
 
 5
 FURTHER ORDERED that Holley's motion for leave to file motion for bail pending appeal be granted. The Clerk is directed to file the lodged document. It is
 
 
 6
 FURTHER ORDERED that the motion for bail pending appeal be dismissed as moot. It is
 
 
 7
 FURTHER ORDERED that counsel's motion for interim payment for legal services be dismissed as moot.
 
 
 8
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 9
 Tony Holley appeals his conviction for one count of possession with intent to distribute cocaine on the grounds that the government presented insufficient evidence at the suppression hearing to establish that he consented to a police search of his bag, and that his conditional guilty plea is invalid because the district court failed to apprise him of the impact of the sentencing guidelines on his minimum sentence before accepting his plea.
 
 
 10
 The testimony offered by the government at the suppression hearing was sufficient to allow the district court to conduct the "careful scrutiny" of the "unique facts and circumstances" involved, as Schneckloth v. Bustamonte, 412 U.S. 218, 233 (1973), requires. The government is permitted to offer hearsay testimony at a suppression hearing. See United States v. Raddatz, 447 U.S. 667, 679 (1980). Nothing in the record casts doubt on Detective Oxendine's testimony that Holley agreed to allow Detective Coates to search his bag. Cf. United States v. Matlock, 415 U.S. 164, 172-73, 175 (1974) (cohabitant's hearsay statements regarding consent to search of house admissible in suppression hearing if record indicates that statements were in fact made and were true). In light of the record, the district court's finding that Holley consented to the search is not clearly erroneous. See United States v. Hall, 969 F.2d 1102, 1107 (D.C.Cir.1992).
 
 
 11
 The record indicates that the district court fulfilled all of the requirements of Fed.R.Crim.P. 11(c) before it accepted Holley's guilty plea. The district court was not required to inform Holley of the applicable sentencing guideline range before accepting his plea. Cf. United States v. Watley, 987 F.2d 841, 846 (D.C.Cir.1993).